HAYNES v. FOLEY.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. PARTNERSHIP—EXISTENCE—EVIDENCE.
    On an issue whether a partnership existed between plaintiff and defendant, evidence examined, and *held* to show a partnership.
    Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Frederick E. Haynes against Edward F. Foley. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

L. Sturcke, for appellant.
W. M. Sullivan, for respondent.

PATTERSON, J. The controversy between the parties to this action involves only a matter of fact. The plaintiff claimed to be a partner with the defendant in the business of manufacturing and making miniatures and miniature frames, under the firm name and style of E. F. Foley & Co., and on an agreement that each party should contribute an equal amount of capital; that the plaintiff should be the purchasing partner, and the defendant should personally manage and conduct the business by giving the same his entire time and attention. The plaintiff alleges that the partnership agreement was made on or about the 1st of October, 1898, and that there should be an equal division of profits, losses, and expenses of the business. He further claimed that on or about the 15th of December, 1898, the business being prosperous, it was agreed that the plaintiff should receive 40 per cent. of the profits and the defendant 60 per cent.; that the parties continued to carry on the business under the last-mentioned arrangement, the whole agreement being verbal; that since the commencement of the action large profits have accrued; that the defendant has received and applied to his own use a greater share of the profits

than he was entitled to; that on April 10, 1899, the defendant was greatly indebted to the partnership, by reason of his applying copartnership moneys to his own use; that the defendant has received several thousand dollars over· and above his due proportion of profits, and appropriated the money to his own use; and in his complaint the plaintiff prayed a dissolution of the partnership, the taking of an account, an injunction, and·the appointment of a receiver, and for other and further relief.

The defendant denied the existence of the partnership. He admitted that no articles of partnership were ever executed between the parties, and that he has refused to pay the plaintiff any share of the profits, or to render him an account; and he further set up in his answer that the only firm or partnership under the name and style of "E. F. Foley & Co." that was formed and in existence prior to the date set forth in the complaint was still in existence, and that the only members of that copartnership were himself and a third party.

Upon a trial of the issues the court at Special Term found in favor of the plaintiff, and an interlocutory judgment was entered adjudging that on the 1st day of October, 1898, the plaintiff and defendant agreed to and did enter into a partnership under the firm name and style of E. F. Foley & Co., for the purpose of manufacturing, making, and selling miniatures and miniature frames; that the rights of such copartners were substantially such as stated in the complaint; that on the 1st of April, 1899, the defendant wholly excluded the plaintiff from participation in said copartnership business, and has ever since excluded him therefrom, and has refused the demands of the plaintiff to pay to him his share of the profits of the copartnership business and to render him an account of the business; that the copartnership has earned profits, and the defendant has received during the existence of the said copartnership a large sum of money, to wit, several thousand dollars over and above his due proportion of the profits of the business, has appropriated such moneys to his own use, has refused to account to the plaintiff for his proportion of the same, and that the profits of the copartnership have been at all times largely in excess of the expenses and losses of the same; that the partnership books and papers have never been balanced; that the plaintiff and defendant are copartners, substantially as alleged in the complaint; and that the plaintiff is entitled to an accounting. The basis upon which the accounting shall proceed is determined, and a referee is appointed to take the account. From this interlocutory judgment the defendant appeals.

On the whole proof, we see no reason for reversing the judgment of the court below on the question of fact. The plaintiff testified to the formation of the partnership, and the fact of the defendant soliciting him to enter into it, and the inducements which were offered him to do so. When the copartnership was formed the plaintiff was manager of the photographic gallery of the Siegel-Cooper Company, in the city of New York. The defendant was in the business of making colored photographs or miniatures, under the name of Foley & Co., of Jamestown, N. Y. The plaintiff testified that the defendant came to him, and proposed that they should go into the miniature business

together, and that after many conversations the plaintiff consented to join the defendant in that business; that he (the plaintiff) put in a small sum of money and bought apparatus to start the business; the defendant also contributed some money which was used for the same purpose. The plaintiff also swears that one Werner was employed to assist in making the miniatures, which were sold in different department stores throughout the city, he (the plaintiff) arranging with some of the stores and the defendant with others. He testified to the terms upon which the partnership was constituted, and of the subsequent alteration of those terms as to the percentage of profit to be received by each.

There is abundant evidence to show that the plaintiff was actively engaged in the particular business of this partnership; that he made the arrangements for placing on sale miniatures and miniature frames with the firm of Koch & Co.; that he did receive some of the profits of that business, and there is testimony showing that one Beck furnished samples of miniatures to both the plaintiff and the defendant, and there is also much evidence to the effect that Foley stated to various persons that he and Haynes were going into the miniature business. One of the witnesses testifies that he saw the defendant deliver to the plaintiff the keys of the office in which the business of E. F. Foley & Co. was conducted. Mr. Hogan, the director of the Siegel-Cooper Company, swore that the defendant, Foley, stated to him that the plaintiff was engaged in business outside of his duties as an employé of the Siegel-Cooper Company, and indicated to him that he, the defendant, and Haynes were partners in that outside business, and by "indicated" the witness swore that he meant to say that the defendant told him so, and as a consequence of that statement the plaintiff was dismissed from his employment in the Siegel-Cooper Company.

Without referring more particularly to the testimony, it is sufficient to say that there is ample evidence to sustain the finding of the court below as to the existence of the partnership claimed by the plaintiff, and the only doubt that can be entertained with reference to it arises upon a letter which the plaintiff wrote, and which, if unexplained, would stand as an admission on his part that he and Foley were not in partnership. There appears in the record a letter sent by the plaintiff, as manager of the Siegel-Cooper Company, photographic studio, to George J. Campbell, Jr., and in that letter the writer refers to having had relations with Mr. Foley for nearly two years, and then proceeds to say: "The writer is no partner of Mr. Foley's, and has no interests other than the benefits derived for his department, which are naturally increased through the orders taken for pastels and miniatures by Mr. Foley's help at the stand on the main floor." It does not appear that this letter ever was delivered to Mr. Campbell. The plaintiff admits that he wrote it, placed it in an envelope addressed to Mr. Campbell, and sent it to Foley for approval or disapproval. He did not send it through the United States mail. The plaintiff was then going to Florida. This letter appears to be an answer to one written by Campbell to the Siegel-Cooper Company. What it related to does not clearly appear, but the plaintiff explains that the defend-

ant was "very much exercised" over the contents of a letter of Mr. Campbell, and asked the plaintiff if he would not write in answer to it, putting him (Foley) right with the firm, and incidentally mentioning that the plaintiff was not connected with him in the miniature business. The plaintiff testifies that he did not want to do that; that it was not true, and he so told Foley; but Foley said that he was afraid that Campbell might injure his business relations with the firm. The plaintiff further testifies that when he returned from Florida he had another talk with Foley about the letter, and asked him if he had sent it to Campbell, and that Foley replied that he had concluded not to do it; that he had thought it over, and concluded not to do it; the plaintiff then asked if he would give the letter back, and Foley promised to do so, but never did return it; that he and Foley were then on the best of terms, but that subsequently when disputes arose between them Foley stated that he had the letter, and that it would be used against the plaintiff. The defendant himself testifies that he knew nothing about the writing of this letter, but that he presumes that it was sent to him by the plaintiff. He read it over, and "threw it in the wicket with a lot of other letters for the time being." He testifies, however, that the letter never went to Mr. Campbell, and that he never showed it to Mr. Campbell. The explanation given by the plaintiff of this letter was satisfactory to the court below. A question of veracity arose between the parties, and the trial judge, with the witnesses before him, has believed the plaintiff.

There being abundant evidence to sustain the allegations of the complaint, the interlocutory judgment should be affirmed, with costs.

All concur, except VAN BRUNT, P. J., and McLAUGHLIN, J., who dissent.